**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CRUZ ALEJANDRO GARCIA-VARGAS,**<br><br>***Petitioner*,**<br>**v.**<br><br>**WARDEN OF EL PASO CAMP EAST MONTANA;**<br>**MARY DE ANDA-YBARRA,**<br>*Field Office Director for El Paso Immigration and Customs Enforcement*;<br>**DAVID VENTURELLA,**<br>*Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement (in his official capacity)*;<br>**MARKWAYNE MULLIN,**<br>*Secretary of the U.S. Department of Homeland Security*; **and**<br>**TODD BLANCHE,**<br>*Attorney General of the United States*,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01157-DCG** |

**ORDER**

On October 23, 2026, the Fifth Circuit released its *en banc* opinion in *Sosnava Rodriguez v. Vergara*, which holds that immigration detainees who are not yet subject to a final order of removal have no due process right to a bond hearing.[1] Although *Sosnava Rodriguez* limits habeas corpus relief for pre-final-removal-order detainees, the opinion suggests that habeas relief might still be available in the following circumstances:

[1] *See generally* --- F.4th ----, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc).

(1) when the Government "continues to detain an alien after it becomes clear that removal is only a remote possibility," such that "detention no longer serve[s] its immigration purpose;"[2]

(2) when the Government "delay[s] removal merely as a means of punishment;"[3]

(3) when the Government initiates and pursues removal proceedings "as a façade to incarcerate [the petitioner] for . . . reasons" other than enforcing the nation's immigration laws;[4] or

(4) when the Government hasn't given the alien an opportunity to present "factual questions relevant to whether" the alien is "clearly and beyond a doubt entitled to be admitted" (which would permit the alien to avoid mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).[5]

---

[2] *Id.* at *13; *see also id.* ("[S]o long as removal remains a viable prospect, continued detention, or renewed detention in the case of an alien previously released, does not violate due process."); *id.* (favorably citing a case suggesting that the Government may detain an alien without a final removal order "for over a year" so long as "deportation remain[s] a possibility" (citation modified)); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that immigration detention must "bear[] a reasonable relation to the purpose for which the individual was committed" (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)) (citation modified)).

[3] *Sosnava Rodriguez*, 2026 WL 3181188, at *13 (citing *Wong Wing v. United States*, 163 U.S. 228, 235, 237 (1896)).

[4] *Id.*; *see also Demore v. Kim*, 538 U.S. 510, 532–33 (2003) (Kennedy, J., concurring) ("Were there to be an unreasonable delay by the [Government] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons.").

[5] *Sosnava Rodriguez*, 2026 WL 3181188, at *14; *see also* 8 U.S.C. § 1225(b)(2)(A) (providing (with certain exceptions) that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings); *Sosnava Rodriguez*, 2026 WL 3181188, at *7 (emphasizing that the petitioners in *Sosnava Rodriguez* did "not assert that the process they received was insufficient to prove that they [were] 'entitled to be admitted'" so as to avoid mandatory detention under § 1225(b)(2)(A)).

In light of that new analytical framework, the Court **ORDERS** the Government to **FILE** a document answering the following questions by **November 16, 2026**:

(1) Is Petitioner still in the Government's custody? If not, attach documentation substantiating that the Government removed or released Petitioner (or otherwise no longer has Petitioner in its custody) so that the Court can assess whether this case is moot.

(2) Has an Immigration Judge issued a removal order against Petitioner? If so:

(a) is that removal order final; and

(b) when did it become final?[6]

(3) Assuming that Petitioner is not yet subject to a final order of removal, how long has Petitioner been in detention?

(4) Is removal still a viable prospect in this case? Explain why (or why not).[7]

(5) If Petitioner is not yet subject to a final order of removal, explain:

(a) the current status of Petitioner's Immigration Court proceedings; and

(b) the reason(s) for any past or anticipated future delays in those proceedings (including, if applicable, any delays in appellate proceedings before the Board of Immigration Appeals).

(6) Is the Government detaining and pursuing removal proceedings against Petitioner for a bona-fide immigration purpose (as opposed to punitive or pretextual purposes)?[8]

---

[6] If the Government has issued a final removal order, a different legal framework would apply. *See generally Zadvydas*, 533 U.S. 678 (articulating time limits on *post*-removal-order detention); *see also Sosnava Rodriguez*, 2026 WL 3181188, at *12 (distinguishing *Zadvydas* on the ground that it involved "post-removal order detention" rather than "detention *pending* removal").

[7] *See supra* note 2 and accompanying text.

[8] *See supra* notes 3–4 and accompanying text.

Petitioner **MAY** respond to the Government's filing by **November 30, 2026**. Besides addressing the points in the Government's filing (including any factual allegations in that filing that Petitioner disputes), Petitioner may address any other arguments or grounds for relief that he believes are available under existing law.

The Court respectfully **REMINDS** the parties of their obligation to promptly inform the Court if any of the intervening developments listed in the undersigned Judge's "Standing Order to Provide Status Updates in Immigration Habeas Cases" occur while this case is pending.[9]

The Court **SUBSTITUTES** David Venturella, as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, as a named Respondent in place of Former Acting Director Todd Lyons.[10]

The Clerk of Court shall **REMOVE** the word "Acting" from Attorney General Todd Blanche's title in the case caption.

**So ORDERED and SIGNED this 30th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[9] *See* Standing Order, ECF No. 3, at 2.

[10] *Compare* Pet., ECF No. 1, at 5 (noting that "Respondent Todd Lyons . . . is sued in his official capacity"), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").